IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR SANCHEZ,

    Petitioner,

v.                                       No.    CV 16-659 JAP/GBW
                                                  CR 13-961 JAP

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This matter is before the Court on United States' Unopposed Motion for an Extension of Time to Respond to Defense Motion to Correct Sentence. *Doc. 5*.

On July 6, 2016, the Court ordered the United States to respond no later than July 29, 2016. *See doc. 4*. No response or request for extension was filed by that date. On August 1, 2016, the United States filed the instant motion. The primary basis for the request is "that the Department of Justice is currently seeking *en banc* review of a Circuit Court's ruling on an extremely similar robbery statute from another state, with extremely similar descriptions in its case law of the exact amount of force required to effect [sic] the robbery." *Doc. 5* at 1-2. While the United States provides no citation to the referenced case, the Court could find only one case which fit the description – *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016) (defendant's prior conviction for North Carolina common law robbery did not qualify as "violent felony" under Armed Career Criminal Act). A review of the docket in that case reveals that the United States filed its petition for rehearing on June 6, 2016, and it was denied on July 6, 2016. Thus, if

indeed *Gardner* is the case referenced by the United States, it cannot have served as the basis for any extension, let alone one requested three days after the response was due.

The Court also must comment on the fact that the United States titled the motion "Unopposed." The motion explains that counsel for the United States sought the concurrence of defense counsel but was unable to reach him. While this certification complies with the requirement of the local rules that a motion contain a "recitation of a good-faith request for concurrence," the motion cannot be fairly called "unopposed" under these circumstances. *See* D.N.M.LR-Civ. 7.1(a). Such a characterization is misleading even if unintentionally so. Counsel is hereby cautioned on that point.

There being no basis for an extension, the United States is directed to answer Defendant's motion no later than **August 7, 2016**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge