IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            No. CIV 16-659 JAP/GBW
                                                          No. CR 13-961 JAP

ARTHUR SANCHEZ,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On June 23, 2016, Arthur Sanchez filed a MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (§ 2255 Motion) (Doc. No. 1). Mr. Sanchez's § 2255 Motion asks the Court to set aside his conviction and sentence in accordance with *Samuel Johnson v. United States,* 135 S. Ct. 2551 (2015), in which the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague.

On July 5, 2017, after considering initial and supplemental briefing, United States Magistrate Judge Gregory B. Wormuth recommended denying Mr. Sanchez's § 2255 Motion. PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (PFRD) (Doc. No. 20). On August 2, 2017, Mr. Sanchez filed objections to the PFRD, arguing, in part, that the government has not established that his prior convictions qualified as violent felonies for purposes of enhancing Mr. Sanchez's sentence under the ACCA. Mr. Sanchez asks the Court to vacate his ACCA sentence and to re-sentence him to a prison term of no greater than ten years. MR. SANCHEZ'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Objections) (Doc. No. 23).

1

In its Response to the Objections, the government counters that none of the cases cited by Mr. Sanchez, most of which concern robbery statutes in other states, support Mr. Sanchez's request. UNITED STATES' RESPONSE TO OBJECTIONS TO MAGISTRATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (Response) (Doc. No. 24). Mr. Sanchez maintains that the government's position is inaccurate and untenable. MR. SANCHEZ'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Reply 1) (Doc. No. 25).

The Court has conducted a *de novo* review of those portions of the PFRD to which Mr. Sanchez objects, and it has reviewed the pertinent law as well as all of the briefing and attachments. For the reasons explained below, the Court will overrule Mr. Sanchez's objections and will adopt the Magistrate Judge's PFRD, with the result that Mr. Sanchez's § 2255 Motion will be denied.

**Procedural Background**[1]

On December 17, 2013, Mr. Sanchez pleaded guilty to the offenses of possession of heroin with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Cr. Doc. Nos. 30, 31, 32. Mr. Sanchez entered into a Rule 11(c)(1)(C) plea agreement that included a binding stipulation to a term of imprisonment of 180 months (15 years) and three years of supervised release. Cr. Doc. No. 32 at 1, 4.

Although an offense under § 922(g)(1) is generally subject to a statutory maximum sentence of ten years, the ACCA will increase that penalty to a statutory minimum sentence of

---

[1] The Court generally adopts the Magistrate Judge's summary of the background facts to which Mr. Sanchez does not appear to have objected.

15 years if the offender has three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). In its presentence report (PSR), the United States Probation Office found that Mr. Sanchez had at least three prior violent felony convictions, PSR ¶ 57 – third degree robbery, aggravated assault with a deadly weapon, and aggravated battery with a deadly weapon. As a result, Mr. Sanchez qualified as an armed career criminal under the ACCA, PSR ¶¶ 57, 71, and faced a minimum term of 15 years' imprisonment. *See Logan v. United States*, 552 U.S. 23, 27 (2007). At the time of his sentencing, Mr. Sanchez did not dispute any of the PSR findings.[2]

In his § 2255 Motion, Mr. Sanchez argued that after the *Samuel Johnson* decision, his prior New Mexico convictions for robbery, aggravated assault, and aggravated battery no longer qualified as predicate violent felonies for purposes of enhancing his sentence under the ACCA. Magistrate Judge Wormuth recommended finding that all three of the New Mexico convictions were violent felonies under the elements clause of the ACCA, and that, therefore, Mr. Sanchez was properly sentenced. In his Objections to the PFRD, Mr. Sanchez challenges the Magistrate Judge's application and interpretation of "the elements clause," also referred to as "the physical force clause" of the ACCA, i.e., 18 U.S.C. § 924(e)(2)(B)(i), as to each of the three prior convictions.

**Legal Standard**

When Mr. Sanchez was sentenced, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[2] Due to Mr. Sanchez's classification as an armed career criminal and his use of a firearm in connection with a controlled substance offense, the PSR assigned a base offense level of 34. PSR ¶ 57. With a three-level reduction for acceptance of responsibility, Mr. Sanchez's base offense level was 31. His criminal history category was VI; accordingly, his guideline imprisonment range was 188 to 235 months. PSR ¶ 115. However, the Court imposed a sentence of 180 months followed by three years of supervised release in accordance with the parties' stipulation. *See* PFRD at 3–4.

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized portion of subparagraph ii above is known as "the residual clause" of the ACCA, which the Supreme Court struck down as unconstitutionally vague in its 2015 *Samuel Johnson* decision. *See Samuel Johnson*, 135 S. Ct. at 2556–61. The *Samuel Johnson* decision left intact subparagraph i – "the elements clause" or "the physical force clause" of the ACCA. *Id.* at 2557, 2563. As stated above, Mr. Sanchez's challenges relate to the elements clause.

In *United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017), *pet. for cert. filed*, *Harris v. United States* (U.S. Apr. 4, 2017) (No. 16–8616)*,* the Tenth Circuit Court of Appeals noted that a court should apply a "categorical approach" in determining if a prior conviction qualifies as an ACCA violent felony, i.e., "focusing on the elements of the crime of conviction, not the underlying facts." *Id.* at 1263 (citation omitted). A categorical approach does not require that "every conceivable factual offense covered by a statute fall within the ACCA. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony…" *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011) (citation omitted). *See Begay v. United States*, 553 U.S. 137, 141 (2008) (observing that a court should consider an offense "generically, … in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion").

The *Harris* Court evaluated whether Colorado's robbery statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 1263–64 (citation omitted). The Tenth Circuit Court advised that involves two steps, the application of federal law and then of state law because federal law defines the meaning of the

4

phrase "use, attempted use, or threatened use of physical force" and "state law defines the substantive elements of the crime of conviction." *Id.* at 1264 (citations omitted). *See United States v. Nicholas,* 686 F. App'x 570, 574 (10th Cir. 2017) (in analyzing whether the defendant's prior felony conviction for Kansas robbery was a violent felony, the court employed a two-step inquiry: "first, 'we must identify the minimum force required by [Kansas] law for the crime of robbery'; second, we must 'determine if that force categorically fits the definition of physical force' required under the ACCA.").

In a 2010 decision, the United States Supreme Court held that "physical force" meant "*violent* force – that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). The word "'violent' … connotes a substantial degree of force." *Id.* "[T]he term 'physical force' itself normally connotes force strong enough to constitute 'power'…." *Id.* at 142. "[Physical force] might consist, for example, of only that degree of force necessary to inflict pain – a slap in the face, for example." *Id.* at 143.

## Objections

### I. New Mexico Robbery

Mr. Sanchez contends that the government has failed to satisfy its burden in proving that any of the prior felony convictions, including robbery "' necessarily' satisfy[ies] the 'physical force' clause's prerequisites." Objections at 2. Mr. Sanchez also asserts that the Magistrate Judge appears to have "lost sight of critical principles," has misread New Mexico and federal law, and has misunderstood Mr. Sanchez's arguments. *See* Objections at 2, 3, 7, 15. Mr. Sanchez's overarching argument appears to be that the New Mexico robbery statute requires nothing more than minimal or minuscule physical contact (or the threat of that type of physical contact), which

5

does not amount to *Curtis Johnson* force, and, accordingly, cannot qualify as an ACCA violent felony.

This Court disagrees with Mr. Sanchez and overrules the objections. Magistrate Judge Wormuth thoroughly and carefully interpreted the pertinent case law in relation to Mr. Sanchez's arguments. In addition, Judge Wormuth's interpretations of the case law and his conclusions are consistent with almost all of the decisions in this District concerning the question of whether New Mexico robbery qualifies as an ACCA violent felony.

Keeping in mind the federal law definition of "physical force" (discussed above), the Court examines the elements of New Mexico robbery, NMSA § 30-16-2, and the New Mexico state courts' interpretation of that language. The robbery statute states:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

NMSA § 30-16-2. Thus, an element of New Mexico robbery is the "use or threatened use of force or violence" against "the person of another." *See State v. Lewis*, 1993-NMCA-165, ¶ 8, 116 N.M. 849, 851 ("The use of force, violence, or intimidation is an essential element of robbery.") (citation omitted).

In *Lewis*, the New Mexico Court of Appeals emphasized that "in order to convict for [robbery], the use or threatened use of force must be the factor by which the property is removed from the victim's possession." *Id.* ¶ 9. In contrast, a defendant who picks the pocket of a victim is not guilty of New Mexico robbery because the use or threatened use of force is lacking. "[F]orce or fear must be the moving cause inducing the victim to part unwillingly with his

property." *Id.* (citations omitted). Mr. Sanchez's reliance on or his interpretation of "a parenthetical" in *Lewis* does not persuade the Court that Judge Wormuth misinterpreted *Lewis*. *See* Objection at 3.

In *State v. Bernal*, the New Mexico Supreme Court observed that "robbery is a crime designed to punish the use of violence." *Bernal*, 2006-NMSC-050, ¶ 27, 140 N.M. 644, 651. The New Mexico Supreme Court rejected arguments that robbery was a property crime and nothing more than aggravated larceny. *Id.* The *Bernal* Court reasoned that the crime of robbery was distinct from larceny because robbery requires and is designed to punish the element of force. *Id.* ¶ 28 (citation omitted). "Since robbery generally carries a heavier punishment than larceny, the robbery statute clearly is designed to protect citizens from violence." *Id. See also State v. Sanchez*, 1967-NMCA-009, ¶ 8, 78 N.M. 284, 825 ("The force or intimidation is the gist of the offense [of robbery].").

Thus, this Court finds that New Mexico state courts have interpreted New Mexico robbery to require the kind of force or violence that qualifies the crime as an ACCA violent felony. Mr. Sanchez's reliance on *State v. Sanchez*, 1967-NMCA-009, ¶ 4 does not persuade the Court otherwise. The *Sanchez* Court may not have specifically held "that a fist in the back [of the victim] is never sufficient force to satisfy the robbery force element[,]"s*ee* Objections at 3, but the New Mexico Court of Appeals also did not hold that a fist to the back alone <u>was</u> enough force to sustain a robbery conviction. In *Sanchez,* Court of Appeals emphasized that there simply was no evidence to show that a "fist against the back, without more, constitute[d] the force or fear sufficient to sustain a robbery conviction[.]" *Sanchez*, ¶ 10. Moreover, as appropriately noted by Judge Wormuth, the *Sanchez* Court reiterated the general principle from New Mexico case law that "force or intimidation is the gist of [New Mexico robbery.]" *Id.* ¶ 8.

7

Similarly, Mr. Sanchez's reliance on *State v. Martinez*, 1973-NMCA-120, 85 N.M. 468 is unavailing. Mr. Sanchez argues that *Martinez* stands for the principle that jostling alone can be sufficient force to commit New Mexico robbery. Objections at 3. But, in *Martinez*, there was evidence of more than just jostling to support the robbery conviction. "[T]he ripping of the jacket pocket in grabbing the money, *and knocking the victim against the railing*, was a showing of sufficient use of force to sustain the conviction. *Id.* ¶ 5, 85 N.M. at 469 (emphasis added).

In addition, Mr. Sanchez interprets *State v. Curley,* 1997-NMCA-038, 123 N.M. 295 to support his position that the "use of any minuscule amount of force while [purse] snatching to overcome the resistance of attachment is enough" force to constitute New Mexico robbery. Objections at 4. In *Curley*, the New Mexico Court of Appeals was asked to answer "what force suffices to turn a larceny into a robbery." *Id.* ¶ 1, 123 N.M. at 296. In a purse snatching case, where the evidence did not show that the victim's purse strap was broken, that the victim struggled with the defendant, or that the victim offered any resistance against the snatching, the *Curley* Court concluded that the force used to take the purse was not sufficient to constitute robbery and that the defendant may have been entitled to a lesser-included-offense instruction for larceny. *Id.* ¶¶ 3, 18. However, the distinguishable facts in *Curley* and its holding, along with other purse-snatching cases cited by Mr. Sanchez, do not persuade the Court that the Magistrate Judge's reasoning and recommendation were mistaken.

Moreover, the majority of the Judges in the District of New Mexico who have addressed this same or similar issue have found that New Mexico robbery qualifies as an ACCA violent felony. *United States v. Serrano*, No. CIV 16-670 RB/WPL, 2017 WL 3208527, at *4 (D.N.M. Feb. 16, 2017), report and recommendation adopted, No. CIV 16-670, 2017 WL 3208467 (D.N.M. May 9, 2017) (adopting findings and recommendation by magistrate judge who

observed that "case after case [has] held that robbery requires that the force 'must overcome the victim's resistance. It must compel one to part with his property. It must be such that the power of the owner to retain his property is overcome.'"), *appeal filed* (D.N.M. May 11, 2017); *United States v. Dean*, No. CIV 16-289 WJ/LAM (Doc. No. 17) (D.N.M. May 3, 2017) (adopting Magistrate Judge's finding that New Mexico attempted armed robbery conviction constituted an ACCA violent felony), *appeal filed* (D.N.M. June 30, 2017); *Rhoads v. United States*, No. CIV 16-325 JCH/GBW, Order Adopting PFRD at 7 (Doc. No. 20) (D.N.M. Apr. 5, 2017) (noting that there was "significant consensus within the District that New Mexico simple robbery qualifies as a crime of violence[,]" notwithstanding one decision to the contrary), *appeal filed* (D.N.M. May 30, 2017); *Baker v. United States*, No. CIV 16-715 PJK/GBW, Order Adopting PFRD (Doc. No. 14) (D.N.M. Mar. 17, 2017) ("Suffice it to say that based on Tenth Circuit and New Mexico law, it is clear that both offenses challenged here (Armed Robbery and Aggravated Battery (Deadly Weapon)) are 'violent felonies' under the ACCA as amplified by [*Curtis Johnson*] …."); *Contreras v. United States*, No. CIV 16-671 RB/SMV, Order Adopting PFRD (Doc. No. 14) (D.N.M. Feb. 24, 2017) (finding New Mexico robbery is a crime of violence under sentencing guideline's elements clause); *Garcia v. United States*, No. CIV 16-240 JB/LAM, Memorandum Opinion and Order adopting in part Magistrate Judge's recommendations (Doc. No. 37) (D.N.M. Jan. 31, 2017) (finding New Mexico robbery is a violent felony under ACCA's elements clause), *appeal filed* (D.N.M. Feb. 9, 2017); and *Hurtado v. United States,* No. CIV 16-646 JAP/GJF, PFRD (Doc. No. 17) (D.N.M. Jan. 11, 2017) (recommending that the undersigned District Judge find that New Mexico robbery is a crime of

violence under sentencing guideline's elements clause).³ *See also See, e.g.,United States v. Manzanares*, No. CIV 16-599 WJ/SMV, 2017 WL 3913235, at *14 (D.N.M. Sept. 6, 2017) (recommending that Manzanares's prior convictions for New Mexico aggravated assault with a deadly weapon, aggravated battery, and armed robbery all be found to have satisfied the force clause of the ACCA).⁴

As far as the Court has determined, the only decision to the contrary in this District is *United States v. King*, __ F. Supp. 3d __, 2017 WL 1506766, at *5 (D.N.M. Mar. 31, 2017).⁵ In *King*, United States District Judge Martha Vazquez concluded that the force element of New Mexico robbery did not amount to *Curtis Johnson* force, and that the New Mexico robbery statute did not satisfy the ACCA's elements clause. In so holding, Judge Vazquez distinguished *United States v. Lujan,* 9 F.3d at 890, 891 (10th Cir. 1993), in which the Tenth Circuit Court held that New Mexico robbery is "clearly [a] violent felon[y] under the [ACCA]," because "it contains the required element of force." Judge Vazquez reasoned that *Lujan* did not bind the Court because *Curtis Johnson* was a "superseding contrary decision by the Supreme Court." *King,* at *10. This Court acknowledges the different conclusion reached by Judge Vazquez as well as opinions by judges from other Districts and Circuit Courts who have analyzed other

---

³ Before the District Court had an opportunity to decide the objections to the PFRD, Defendant Hurtado filed a motion to dismiss based on the Supreme Court decision in *Beckles v. United States,* 2017 WL 855781 (Mar. 16, 2017), wherein the Court held that *Samuel Johnson* did not apply to the career offender guideline. Motion to Dismiss (Doc. No. 21).

⁴ The deadline to object to the Magistrate Judge's findings and recommendation in *Manzanares* has not yet run.

⁵ The Court recognizes that the Tenth Circuit Court in analyzing the Kansas state robbery statute, as well as other district and circuit courts that have addressed various state robbery statutes, have reached differing conclusions on the question of whether a state robbery conviction qualifies as an ACCA violent felony. *See, e.g.,United States v. Nicholas,* 686 F. App'x 570 (10th Cir. 2017) (analyzing Kansas robbery and Kansas case law). *See also* Mr. Sanchez's Reply in which he discusses various federal court decisions addressing different states' robbery statutes. Indeed, in *Harris*, 844 F.2d at 1262 (petition for cert. filed in April 2017), the Tenth Circuit Court acknowledged that the question is not easily or consistently answered with respect to a particular state robbery statute. "[I]n the last twelve months, eleven circuit-level decisions have reached varying results on this very narrow question–in examining various state statutes, five courts have found no violent felony and six have found a violent felony." But, to the extent there is a split on this question in this Circuit, the Tenth Circuit Court will be asked to resolve the split.

states' robbery statutes. *See* Objections at 8–16. However, none of these decisions persuades the Court that Judge Wormuth's reasoning and recommendations are flawed.

In sum, having found that New Mexico robbery qualifies as an ACCA violent felony and that the government has satisfied its burden in this regard, the Court overrules Mr. Sanchez's Objections and will adopt the findings and recommendations of the Magistrate Judge.

**II.     New Mexico Aggravated Assault with a Deadly Weapon**

Mr. Sanchez argues that the government has not established that New Mexico aggravated assault with a deadly weapon under NMSA § 30-3-2(A) necessarily has as an element the threatened use of physical force against the person of another. Objections at 16. Thus, according to Mr. Sanchez the Court should not treat New Mexico aggravated assault with a deadly weapon as an ACCA violent felony.

New Mexico's aggravated assault statute provides that an aggravated assault can consist of:

> A. unlawfully assaulting or striking at another with a deadly weapon;
>
> B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or
>
> C. willfully and intentionally assaulting another with intent to commit any felony.
>
> Whoever commits aggravated assault is guilty of a fourth degree felony.

NMSA § 30–3–2.

Judge Wormuth determined that Mr. Sanchez's argument regarding New Mexico aggravated assault with a deadly weapon was foreclosed by *United States v. Maldonado-Palma*, 839 F.3d 1244, 1248–50 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1214 (2017), in which the Tenth Circuit Court held that "aggravated assault with a deadly weapon under [N.M.S.A.] § 30-

11

3-2(A) is categorically a crime of violence" under the sentencing guidelines.[6] *See* PFRD at 21–22. Magistrate Judge Wormuth found that *Maldonado-Palma* "compels the conclusion that Defendant's aggravated assault with a deadly weapon offense is a violent felony under the ACCA." *Id.* at 22.

In *Maldonado-Palma,* the Tenth Circuit Court examined the "elements clause" of the pertinent sentencing guideline "to determine if the New Mexico offense of aggravated assault with a deadly weapon had as an element the use, attempted use, or threatened use of physical force against the person of another." 839 F.3d at 1248. The defendant, *in Maldonado-Palma*, argued that not all types of simple assault, under NMSA § 30-3-1 e.g., "the use of insulting language toward another impugning his honor, delicacy or reputation[,]" required proof of the requisite amount of physical force that would serve to enhance his sentence. Thus, according to the defendant, it followed that assaulting another by using insulting words, while possessing a deadly weapon, would qualify as an aggravated assault under NMSA § 30-3-2(A), even without any proof of the use of force. *Id.* at 1249. The defendant in *Maldonado-Palma* concluded that consequentially, NMSA § 30-3-2(A) could not be a crime of violence since it did not require the use of force.

The Tenth Circuit, in *Maldonado-Palma,* rejected the defendant's argument, noting that the defendant ignored the other key element of aggravated assault under NMSA § 30-3-2(A), "namely that the assault is committed 'with a deadly weapon.'" *Id.* The *Maldonado-Palma* Court then looked to New Mexico's uniform jury instructions for guidance in interpreting the statutory elements of the offense. All three of the pertinent jury instructions included as a required element

---

[6] The Tenth Circuit Court has instructed that the definition of a "crime of violence" under the sentencing guidelines is "almost identical" to the definition of a "violent crime" under the ACCA. Thus, an analysis under the ACCA "applies equally to the sentencing guidelines." *United States v. Charles*, 576 F.3d 1060, 1068 n.2 (10th Cir. 2009) (citation omitted).

12

that the defendant use a deadly weapon. "It is the use of a deadly weapon that raises an assault to an aggravated assault not an intent to injure." *Id.* at 1249–50 (citation omitted).

In addition, the *Maldonado-Palma* Court briefly referenced its earlier decision in *United States v. Ramon* Silva, 608 F.3d 663 (10th Cir. 2010) ("noting similarity of language in elements clause of ACCA" and pertinent sentencing guideline), *cert. denied,* 562 U.S. 1224 (2011), as well as the defendant's argument that *Roman Silva* should not be dispositive. *Id.* at 1248–49. However, ultimately, the Tenth Circuit Court rejected all of the defendant's arguments and concluded that the district court had not erred in increasing Mr. Maldonado's sentence to account for his prior conviction for a crime of violence. *Id.* at 1250–51.

As he did before the Magistrate Judge, Mr. Sanchez again argues "that the Tenth Circuit's view of state law in *Ramon Silva* and *Maldonado-Palma* … was clearly wrong." Objections at 22. Mr. Sanchez believes that the holdings of *State v. Branch*, 2016-NMCA-071, 387 P.3d 250, *cert. granted* (July 28, 2016) and of *State v. Manus*, 1979-NMSC-035, 93 N.M. 95, *overruled on other grounds by Sells v. State*, 1982-NMSC-125, 98 N.M. 786 "have a determinative effect on whether New Mexico aggravated assault with a deadly weapon is a 'violent felony' under the 'physical force' clause." Objections at 19. In support, Mr. Sanchez contends that "Tenth Circuit precedent 'can be overruled by a later declaration[] to the contrary by that state's courts.'" *Id.* at 21.

Be that as it may, Mr. Sanchez has virtually conceded that *Maldonado-Palma* is Tenth Circuit law and is precedent. Moreover, this Court cannot overrule the Tenth Circuit Court based on a possible interpretation of state court decisions. Additionally, Mr. Sanchez's wishful thinking about how the Tenth Circuit Court might interpret certain New Mexico state court decisions that

13

it either did not discuss or have an opportunity to discuss in *Ramon Silva* and in *Maldonado-Palma*, is not the law.

Like the Magistrate Judge, this Court believes that the Tenth Circuit Court's decision in *Maldonado-Palma* is controlling precedent that the New Mexico offense of aggravated assault with a deadly weapon under NMSA § 30-3-2(A) qualifies as a crime of violence under the ACCA. The government has met its burden in this regard and the Court will adopt the findings and recommendations of the Magistrate Judge, and will overrule Mr. Sanchez's Objections.

### III. New Mexico Aggravated Battery with a Deadly Weapon

Mr. Sanchez argues that the government has not established that New Mexico aggravated battery with a deadly weapon necessarily has as an element the threatened use of physical force against the person of another. Objections at 22. He maintains that his conviction of aggravated battery with a deadly weapon does not constitute a violent felony because "[i]n New Mexico, an offensive touch can be a battery that does not involve force capable of causing pain or injury." Objections at 22. Mr. Sanchez also contends that the Magistrate Judge misconstrued the pertinent case law. *See id.* at 22–23. Thus, according to Mr. Sanchez the Court should not treat New Mexico aggravated battery with a deadly weapon as an ACCA violent felony because that offense does not require use of "ACCA's physical force." *Id.* at 23.

New Mexico's aggravated battery statute provides:

A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

14

> C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

NMSA § 30-3-5. Mr. Sanchez was convicted of Aggravated Battery with a Deadly Weapon in violation of NMSA § 30-3-5(C). *See* PFRD at 25.

Magistrate Judge Wormuth found that the "logic in *Maldonado-Palma* compels the conclusion that a New Mexico conviction for aggravated battery with a deadly weapon categorically qualifies as a violent felony under the ACCA." PFRD at 27. Mr. Sanchez counters that the *Maldonado-Palma* Court did not address an "offensive touching" battery, which Mr. Sanchez believes would fall below the *Curtis Johnson* level of physical force. Objections at 22–23.

In *Vasquez v. United States*, No. CIV 16-678 JAP (D.N.M. Jan. 10, 2017), this Court addressed and rejected a similar argument. In *Vasquez*, the petitioner argued that a New Mexico aggravated battery did not require the use of violent physical force because the crime encompassed any touch. Memorandum Opinion and Order at 8 (Doc. No. 11). This Court acknowledged that a simple battery in New Mexico requires only the slightest touch. *Id.* (citations omitted). "But the requirement of a specific intent to injure and the use of a deadly weapon differentiate New Mexico's aggravated battery statute from the common-law crime." *Id.* (citing, e.g., *United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. 2016) ("the additional element of a deadly or danger weapon makes apprehension-causing assault [or an attempted-battery assault] a crime of violence, even if the simple assault would not be."). This Court concluded, in *Vasquez*, that "even if only the slightest touch is required, Petitioner's conviction for aggravated battery with a deadly weapon contains as an element the threatened use of violent physical force, and remains a crime of violence after [*Samuel*] *Johnson*." *Id.* at 8. *See also Dean*,

No. CIV 16-289 (Doc. No. 17) (finding New Mexico aggravated battery conviction, under NMSA § § 30-3-5(C) constituted ACCA violent crime).

Like the Magistrate Judge, this Court finds the New Mexico offense of aggravated battery with a deadly weapon under NMSA § 30-3-5(C) qualifies as a crime of violence under the ACCA. The government has met its burden in this regard and the Court will adopt the findings and recommendations of the Magistrate Judge, and will overrule Mr. Sanchez's Objections.

IT IS THEREFORE ORDERED that:

1) MR. SANCHEZ'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 23) are OVERRULED;

2) the Magistrate Judge's PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 20) are ADOPTED;

3) Defendant's MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) is DENIED; and

4) This case will be DISMISSED, with prejudice, and a Final Judgment will be entered concurrently with this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE